# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| UNIVERSAL TECHNOLOGIES, INC. and JESSE E. ROGERS, | ) ) ) | |
|---|---|---|
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil No. 2:14-cv-00091<br>Judge Sharp |
| FAYE CLEEK, et al., | ) ) | |
| Defendants. | ) | |

## MEMORANDUM

Before the Court is Plaintiffs' Universal Technologies, Inc.'s ("UTI's") and Jesse E. Rogers's ("Rogers's") "Motion to Dismiss Counterclaims of Faye Cleek" (Docket No. 40) to which Defendant Faye Cleek ("Cleek") has responded in opposition. For the following reasons, Plaintiffs' Motion to Dismiss will be granted in part and denied in part.

## I. BACKGROUND

In addition to answering Plaintiffs' Complaint, Cleek filed three counterclaims (Docket No. 22). Count I alleges breach of contract, Count II alleges breach of fiduciary duty, and Count III is a derivative action claim. Plaintiffs move for dismissal of all these counterclaims on the grounds that they fail to state a claim upon which relief may be granted (Docket No. 40).

Cleek bases her breach of contract counterclaim on a pair of corporate minute book entries dated 1998, which indicate that 25 percent of the stock in UTI would be transferred to her (Docket No. 22). Defendant alleges breach of contract because Plaintiffs never transferred the ownership interest to her, and they refuse to recognize her status as a shareholder in UTI (Docket No. 22).

Cleek's breach of fiduciary duty and derivative action counterclaims are premised on her

1

being a shareholder in UTI, as per the contract alleged in the first counterclaim (Docket No. 22). She alleges that Plaintiff Rogers paid "excessive compensation to himself and to other members of his family" using UTI funds (Docket No. 22).

With respect to the breach of contract counterclaim, Plaintiffs maintain that no contract was ever formed to transfer any ownership interest to Cleek, and that the minute book entries were forged by her (Docket No. 41). Furthermore, Plaintiffs contend that even if the minute book entries constituted a valid contract to transfer 25 percent of the stock in UTI to Cleek, the breach of contract claim is time barred by the applicable statute of limitations (Docket No. 41).

With respect to the breach of fiduciary duty and derivative action counterclaims, Plaintiffs argue for dismissal on the grounds that Cleek lacks standing to bring these claims against UTI (Docket No. 41). This is because Plaintiffs maintain that Cleek is not a shareholder in UTI, as required for standing to bring such claims under Tennessee law (Docket No. 41).

## II. LEGAL ANALYSIS

### A. Standard of Review

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "all well-pleaded material allegations of the pleadings" must be assumed true. Fritz v. Charter Township of Comstock, 592 F.3d 718, 722 (6th Cir. 2010). However, a court is not compelled to accept "legal conclusions or unwarranted factual inferences." Hunter v. Sec'y of U.S. Army, 565 F.3d 986, 992 (6th Cir. 2009). Plaintiff must plead "sufficient factual matter" for the claim to be "plausible, i.e., more than merely possible." Ashcroft v. Iqbal, 556 U.S. 662, 129 (2009). A "formulaic recitation of the elements of a cause of action" is insufficient to meet this standard. Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007). Likewise, the plausibility standard is not met when only "supported by mere conclusory statements." Iqbal, 556 U.S. at 129. "In addition

to the allegations in the complaint, the court may also consider other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice." Wyser-Pratte Mgmt. Co., Inc. v. Telxon Corp., 413 F.3d 553, 560 (6th Cir. 2005).

**B. Breach of Contract Claim**

In their memorandum in support of the Motion to Dismiss (Docket No. 41), Plaintiffs argue that Cleek's breach of contract counterclaim is barred by the six-year statute of limitations codified in Tenn. Code Ann. § 28-3-109(a)(3). They contend the corporate minute book entries upon which her claim is based are dated 1998, sixteen years before the claim was made, and that Defendant has "slept" on her rights since that time (Docket No. 41).

In response, Cleek argues that the cause of action for breach of contract accrues at the time the contracting party first knows or should know that the contract is or will be breached (Docket No. 42). Accordingly, Cleek contends that her breach of contract counterclaim is not time barred because she only recently became aware of Rogers's refusal to recognize her as a 25 percent owner of UTI (Docket No. 42).

"A cause of action for breach of contract arises when the acts of one of the contracting parties demonstrates a clear, total repudiation of the contract. Thus, the statute of limitations begins to run when a contracting party first knows or should know that the contract will not be performed." Wilkins v. Third Nat'l Bank in Nashville, 884 S.W.2d 758, 761-62 (Tenn. Ct. App. 1994) (internal citations omitted). This point occurs when "one party demonstrates a clear intention not to be bound by the contract." Bailey v. Shelby County, 2013 WL 2149734, at *8 (Tenn. Ct. App. May 16, 2013). Additionally, the time of accrual for a cause of action is a question of fact, and thus is inappropriate for consideration at this stage in the proceedings. See Johnson v. Craycraft, 914 S.W.2d 506, 511 (Tenn. Ct. App. 1995) (holding that "the issue of

3

accrual of a cause of action is basically a question of fact for the trier of fact").

For the purposes of a motion to dismiss, the Court must assume the facts as pled in the counter-complaint are true, including Cleek's assertion that she only recently became aware the stock would not be transferred to her as promised. See Fritz, 592 F.3d at 722 (holding that "for purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment") (internal citations omitted). Accordingly, the breach of contract claim cannot be dismissed on the grounds that the statute of limitations in Tenn. Code Ann. § 28-3-109(a)(3) has run.

Plaintiffs alternatively request dismissal of the breach of contract counterclaim on the grounds that the minute book entries upon which the claim is based are forgeries by Defendant (Docket No. 41). In support of this argument, Plaintiffs offer evidence of two experts declaring the entries forged (Docket No. 41). However, Defendant responds correctly that the authenticity of the minute book entries is a question of fact, not a question of law (Docket No. 42).

"For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." Fritz, 592 F.3d at 722. (internal citations and quotation marks omitted). Accordingly, the authenticity of the minute book entries cannot be adjudicated as part of a Motion to Dismiss and the claim for breach of contract cannot be dismissed upon the allegation that the corporate minute book entries are forged.

### C. Breach of Fiduciary Duty and Derivative Action Claim

In moving to dismiss, Plaintiffs contend that Defendant's breach of fiduciary duty

counterclaim should be dismissed because Cleek was not a shareholder at the time the transactions in question occurred. Cleek counters that she was indeed a 25 percent shareholder in UTI, and that this factual allegation must be accepted as true for the purposes of evaluating a motion to dismiss.

To bring a claim for breach of fiduciary duty against the director of a corporation, a plaintiff must be a shareholder. See Sanford v. Waugh & Co., 328 S.W.3d 836, 843 (Tenn. 2010) (noting that "the directors and officers of a corporation owe a fiduciary duty to the corporation and to its shareholders" (citing Deaderick v. Bank of Commerce, 45 S.W. 786, 788 (Tenn. 1898))). Actual, lawful possession of stock in a corporation is required for a person to be a shareholder. See Figuers v. Sherrell, 178 S.W.2d 629, 631 (Tenn. 1944) (noting that the Supreme Court of Tennessee has held that "the title to shares of stock, both legal and equitable, follows lawful possession of the certificate" and that the Court has declined to "give the stock books of a corporation any such force as is given the public records in the register's office in determining questions of title" (citing Cornick v. Richards, 71 Tenn. 1 (Tenn. 1879))).

Nowhere in Cleek's pleadings did she allege that she exercised actual possession of stock in UTI. She merely alleged the legal right to possession of such stock in accordance with an alleged promise made by Plaintiffs (Docket No. 22). Thus, even assuming her allegations as true, Cleek was not a shareholder in UTI at the time of the transactions in question. This renders her without standing to bring a claim for breach of fiduciary duty, either on behalf of herself or on behalf of UTI. See Tenn. Code Ann. § 48-17-401(a) (To have standing to bring a derivative action claim against a corporation, a plaintiff must be "a shareholder of the corporation when the transaction complained of occurred").

**D. Conclusion**

Plaintiffs' "Motion to Dismiss Counterclaims of Faye Cleek" (Docket No. 40) will be denied in part and granted in part. The Motion will be denied with respect to the breach of contract claim but granted with respect to the breach of fiduciary duty and the derivative action claims.

An appropriate Order will enter.

*Kevin H. Sharp*
———————————————
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE