UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| UNIVERSAL TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | No. 2:14-0091 |
| v. | ) | Chief Judge Sharp/Brown |
| | ) | **Jury Demand** |
| JESSE E. ROGERS, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

**O R D E R**

Another lengthy telephone conference was held with the parties in this matter concerning a discovery dispute. The Plaintiff was seeking to schedule a Rule 30(b)(6) deposition of ARAIZA and ARAIZA, LLC.

Prior to the telephone conference the parties submitted joint position statements. The **Clerk** will file the joint statement of the Plaintiff and the Defendant ARAIZA as **Attachment 1** to this order, and the position statement of the Defendant ARAIZA. LLC as **Attachment 2** to this order.

There has been controversy about the scheduling of depositions in this case from the beginning. *See* Docket Entries 45, 78, 84.

Unfortunately, from the Magistrate Judge's standpoint, the parties have not sufficiently conferred about the taking of depositions, of the timing of depositions, and they have waited too long to raise issues they were having difficulties with. In particular, the problem that is the subject of this telephone call

was flagged by the Magistrate Judge back on September 9, 2015 (Docket Entry 78).

The issue before the Magistrate Judge at today's telephone conference was whether the Plaintiff is entitled to take a Rule 30(b)(6) deposition of ARAIZA, and ARAIZA, LLC. ARAIZA contends that it is a sole proprietorship of Ms. Cleek and therefore not an artificial entity required to submit to a Rule 30(b)(6) deposition. IRAIZA, LLC admits that it is in fact an LLC and is subject to a Rule 30(b)(6) deposition.

However, both Defendants contend that the Plaintiff has taken the deposition of Ms. Cleek who claims to be the sole proprietor of ARAIZA and who would be the Rule 30(b)(6) witness for ARAIZA, LLC for over 9½ hours. They contend that the Plaintiff failed to ask her questions that would normally be asked of a Rule 30(b)(6) witness, although they had every opportunity to do so and no objections would have been made to her being so questioned. They therefore contend that any efforts to require her to submit to additional depositions are improper and should not be allowed.

The Plaintiff on the other hand contends that they have made it clear all along that they are not in agreement that Ms. Cleek operates ARAIZA as a sole proprietorship and further contends that there is little if any separation between ARAIZA and ARAIZA, LLC.

After listening to lengthy arguments of counsel, the Master Judge for the purpose of resolving this issue only, finds that consistent with interrogatory responses a year ago, that

2

ARAIZA purports to be a sole proprietorship and not an artificial entity. It would not therefore be subject to a 30(b)(6) deposition separate from the owner. Nevertheless, the Magistrate Judge will allow the Plaintiff to take an additional deposition of Ms. Cleek concerning ARAIZA for a period not to exceed three hours.

The Plaintiff will be permitted to take a four hour deposition of Rule 30(b)(6) representative of ARAIZA, LLC, whom the Magistrate Judge understands will be Ms. Cleek. The Magistrate Judge would suggest that these depositions be scheduled for a single day and parties may well want to insure that the Magistrate Judge would be available should they run into an issue that would need an immediate decision during the course of the deposition.

The present deadlines for completing discovery remain, and the parties are cautioned that they should not count on the Magistrate Judge extending the deadlines, particularly as it appears that they have not promptly brought difficulties to the Magistrate Judge's attention.

It is so **ORDERED**.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge