# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **UNIVERSAL TECHNOLOGIES, INC.,** and **JESSE E. ROGERS,** | ) ) ) | **Civ. No. 2:14-0091** |
| Plaintiffs, | ) ) | **Judge Sharp** |
| v. | ) ) ) | **Magistrate Judge Brown** |
| **FAYE CLEEK, CARLA BEAN, NICHOLAS BEAN, GAY LAWDERMILK, CYNTHIA MATLOCK, UNIVERSAL SERVICES & SUPPLY, ARAIZA and ARAIZA COMPANY, LLC.** | ) ) ) ) ) ) ) | **JURY DEMAND** |
| Defendants. | ) ) | |

## [PROPOSED] ORDER ENTERING TERMS OF

## ENFORCEABLE SETTLEMENT AGREEMENT

On April 5, 2017, this Court held an evidentiary hearing at which representatives for all parties attended, including Plaintiffs Universal Technologies, Inc. and Jesse E. Rogers ("Plaintiffs") and Defendants Faye Cleek, Araiza, Carla Bean, Nicholas Bean and Araiza Company, LLC ("Defendants") (collectively the "Parties"). At the hearing, the Court sought to determine whether an enforceable settlement agreement existed between the Parties. At the hearing, Ms. Cleek, Ms. Bean, Doug Hanson (counsel for Plaintiffs), and John Triggs (Counsel for Ms. Cleek and Araiza) testified as to facts pertinent to the issue before the Court. As a result of the testimony heard and the careful consideration of this Court, the Court ruled and has determined that the Parties agreed to be bound by an enforceable settlement agreement, Docket

1

Entry 237-1, Exhibit B (hereinafter the "Settlement Agreement"). This Order supersedes and renders certain portions of the Settlement Agreement moot, but otherwise, the remaining portions of the Settlement Agreement remain in effect. This Order memorializes that ruling and enforces the terms of that Settlement Agreement. This Order further dismisses this case with prejudice as set forth herein. The Court enters judgment as follows:

1. Plaintiffs and Defendants expressly deny any liability as to the claims and allegations made in this case. No party admits liability pursuant to the Parties' settlement agreement.

2. Funds were deposited in escrow with the Court; those funds were generally described in the Court's November 22, 2016, Order (Dkt. No. 130). The amount remaining with the Court totals approximately $3,396,615.36. Pursuant to the Parties' Settlement Agreement, the Clerk of Court shall disburse these funds held in escrow in the following manner immediately upon entry of this Order:

   a. $2,800,000 payable to "Universal Technologies, Inc." and mailed to: Universal Technologies, Inc., c/o Andy Rogers, PO Box 640, Estill Springs, TN 37330.

   b. $440,000 payable to "Patterson Intellectual Property Law, P.C." and mailed to: Patterson Intellectual Property Law, P.C., 1600 Division Street, Suite 500, Nashville, TN 37203.

   c. $135,000 payable to "Bramlett Law Offices" and mailed to: Bramlett Law Offices, 40 Burton Hills Blvd., Suite 200, P.O. Box 150734, Nashville, TN 37215-0734.

   d. $21,615.36 and any remaining funds from the payments described in paragraphs a, b and c above (the remainder not to exceed more than $150) payable to "The Heartfield Law Firm" and mailed to: The Heartfield Law Firm, 2195 Dowlen Road, Beaumont, TX 77706.

   e. No other funds of any amount will be held in escrow after distribution of these amounts.

3. Defendant Faye Cleek acknowledges that she has no ownership interest in Universal Technologies Inc.

4. Plaintiff Jesse E. Rogers retains sole ownership and remains the sole shareholder of Plaintiff Universal Technologies, Inc.

5. Plaintiffs and their principals, for themselves, related entities, agents, employees, trustees, predecessors, successors, assigns, legal representatives, insurers, officers, directors, shareholders, subsidiaries, parent corporations, members, and affiliates, and all persons claiming through them (referred to collectively in this paragraph as "Plaintiff Releasors"), hereby release and forever discharge Defendants Faye Cleek, Araiza, Carla Bean, Nicholas Bean and Araiza Company, LLC and their agents, third parties acting as authorized agents, attorneys, employees, former employees, heirs, trustees, predecessors, successors, successors by conversion, assigns, legal representatives, insurers, officers, directors, shareholders, subsidiaries, parent corporations, members and affiliates (referred to collectively in this paragraph as "Released Defendant Parties") from all actions, causes of action, suits, controversies, promises, contractual obligations, damages, expenses, claims, and demands, whether known or unknown, anticipated or unanticipated, discovered or undiscovered, fixed or contingent, in tort, contract, or arising under or by virtue of any statute or regulation, or otherwise, existing at law, in equity, or otherwise, existing since the beginning of time to the present, and which Plaintiff Releasors had or have, or may ever have, against the Released Defendant Parties.

6. Defendants and their principals, for themselves, related entities, agents, employees, trustees, predecessors, successors, assigns, legal representatives,

insurers, officers, directors, shareholders, subsidiaries, parent corporations, members, and affiliates, and all persons claiming through them (referred to collectively in this paragraph as "Defendant Releasors"), hereby release and forever discharge Plaintiffs and their agents, third parties acting as authorized agents, attorneys, employees, former employees, heirs, trustees, predecessors, successors, successors by conversion, assigns, legal representatives, insurers, officers, directors, shareholders, subsidiaries, parent corporations, members, and affiliates (referred to collectively in this paragraph as "Released Plaintiff Parties"), from all actions, causes of action, suits, controversies, promises, contractual obligations, damages, expenses, claims, and demands, whether known or unknown, anticipated or unanticipated, discovered or undiscovered, fixed or contingent, in tort, contract, or arising under or by virtue of any statute or regulation, or otherwise, existing at law, in equity, or otherwise, existing since the beginning of time to the present, and which Defendant Releasors had or have, or may ever have, against Released Plaintiff Parties.

7. The terms of the Parties' Settlement Agreement are confidential other than as stated in this Order, or as required to be disclosed pursuant to any applicable accounting rules or standards, or as necessary to prepare and file taxes and accurately maintain corporate financial information, or as required by any applicable regulation, statute, law, or order of a court of competent jurisdiction. The requirement of confidentiality does not apply to any terms concerning ownership of Universal Technologies, Inc.

8. The Parties agree that they will not disparage any other Party.

4

Case 2:14-cv-00091   Document 239   Filed 04/06/17   Page 4 of 8 PageID #: 6905

9. The court dismisses as moot the motion filed by Plaintiffs (Dkt. # 237).

10. Plaintiffs shall dismiss with prejudice Case # 17-309 – III Davidson County Chancery Court which will be rendered moot upon entry of this Order.

11. This case is dismissed with prejudice and with each party to bear its own costs, attorney fees, and expenses.

**IT IS SO ORDERED.**

_____  _____

DATE  Kevin H. Sharp

CHIEF U.S. DISTRICT JUDGE

Respectfully submitted on April 6, 2017.

/s/ Doug Hanson
Doug Hanson BPR 017387
Eddie Wayland BPR 6045
Laura Mallory BPR 31917
King & Ballow
315 Union Street, Suite 1100
Nashville, TN 37201
T: (615) 726-5532
F: (888) 688-0482
dhanson@kingballow.com
rew@kingballow.com
lmallory@kingballow.com

*Attorneys for Plaintiffs Universal Technologies, Inc. and Jesse E. Rogers.*

/s/ John F. Triggs
John F. Triggs (BPR # 026718)
Ryan D. Levy (BPR #024568)
Scott M. Douglass (TN BPR # 031097)
Seth R. Ogden (TN BPR # 034377)
PATTERSON INTELLECTUAL PROPERTY LAW, P.C.
Roundabout Plaza, Suite 500
1600 Division Street
Nashville, TN 37203
(615) 242-2400
jft@iplawgroup.com
rdl@iplawgroup.com
smd@iplawgroup.com
sro@iplawgroup.com

Dru Montgomery (TX BPR # 24010800)
(admitted *pro hac vice)*
The Heartfield Law Firm
2195 Dowlen Road
Beaumont, TX 77706
(409) 866-3318
dru@heartfieldlawfirm.com

*Attorneys for Defendants Faye Cleek and Araiza.*

/s/ Paul Kent Bramlett
Paul Kent Bramlett BPR #7387
Robert P. Bramlett BPR #25895
Bramlett Law Offices
P.O. Box 150734
Nashville, TN 37215
T: (615) 248-2828
F: (866) 816-4116
pknashlaw@aol.com
robert@bramlettlawoffices.com

s/Buddy D. Perry
Buddy D. Perry BPR#2662
Perry Law Firm
P.O. Box 183
Winchester, TN 37324
T: (931) 967-2676
F: (931) 967-4011
buddydperry@bellsouth.net

*Attorneys for Defendants Carla Bean, Nicholas Bean, and Araiza Company, LLC.*

7

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document [PROPOSED] ORDER ENTERING TERMS OF ENFORCEABLE SETTLEMENT AGREEMENT was served on all counsel of record on April 6, 2017, by electronic means via CM/ECF of the District Court for the Middle District of Tennessee, including:

Doug Hanson
Eddie Wayland
Laura Mallory
King & Ballow
315 Union Street, Suite 1100
Nashville, TN 37201
T: (615) 726-5532
F: (888) 688-0482
dhanson@kingballow.com
rew@kingballow.com
lmallory@kingballow.com

Buddy D. Perry
Perry Law Firm
P.O. Box 183
Winchester, TN 37324
T: (931) 967-2676
F: (931) 967-4011
buddydperry@bellsouth.net

Paul Kent Bramlett
Robert P. Bramlett
Bramlett Law Offices
P.O. Box 150734
Nashville, TN 37215
T: (615) 248-2828
F: (615) 254-4116
pknashlaw@aol.com
robert@bramlettlawoffices.com

/s/ John F. Triggs
John F. Triggs